The Honorable Barbara King State Representative 106 Tulip Circle Helena, Arkansas 72342-1620
Dear Representative King:
I am writing in response to your request, made while you were still serving as a state representative,[1] for an opinion on three questions involving the proper occupant of an alderman position in the City of West Helena. Specifically, you have attached correspondence with your request that indicates the following facts:
 . . . Eddie Schieffler was appointed to fill an unexpired term on the West Helena City Council in December 2004. No one filed for the position in the last election cycle. The Arkansas Municipal League and City Attorney Andre Valley have both given opinions that Mr. Schieffler would be a holdover councilman based on Article 19 Section 5 of the Arkansas Constitution.
 At a special meeting of the West Helena City Council held on January 1, 2005, five members of the City Council declared the seat vacant and appointed someone to Mr. Schieffler's seat. He remained in his chair despite attempts by the alderman to have him removed. He also attempted to record a vote on all ordinances and resolution dealt with at the meeting. However, the City Clerk refused to recognize him, and she called the name of the illegitimate alderman.
You have submitted three questions contained in this same correspondence as follows:
 1. Based on the facts outlined above, is Mr. Schieffler the legitimate alderman for the seat?
 2. If yes, then should his vote have been the one recorded at the January 1, 2005 meeting of the council?
 3. If yes and the illegitimate alderman's vote was necessary to suspend rules and allow the passage of ordinances in one meeting, then are those actions valid since Mr. Schieffler's votes were no?
RESPONSE
I must decline to provide an opinion on the question you pose because it has come to my attention that litigation has been filed on the subject matter of your request. See Schieffler v. Parks (Phillips County Circuit Court, Civ. No. 2005-007). My office adheres to a long-standing policy against issuing opinions concerning matters that are the subject of pending litigation. This policy of declining to address such issues is based primarily upon the separation of powers doctrine. See, e.g., Ops. Att'y Gen. Nos. 2004-232; 2004-102; 2004-034; 2003-311; 2003-294; 2003-233; 2003-182; 2003-032; 2002-302; 99-389; 97-329; 97-105. Any opinion issued from my office would constitute executive comment on matters that are properly decided by a judicial body. Because your questions relate directly to a legal issue that is the subject of pending litigation, any answer to your question must be provided in the judicial forum.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Although your term of office expired on January 1, 2005 (see Arkansas Constitution, art. 8, § 6) all officers continue in office until their successors are elected and qualified. Arkansas Constitution, art.19, § 5. Your successor is not sworn in and therefore qualified until the beginning of the legislative session on January 10. See Op. Att'y. Gen.97-101.